UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Eugene Wall, Jr., | **C/A No. 2:12-0618-MBS-BHH** |
| Plaintiff, | |
| vs. | **Report and Recommendation** for *Partial* Summary Dismissal |
| Michele D. China, *Special Agent, SLED*; Capt. Charles Fraser, *Colleton County Detention Center*; Deputy Kirt L. Wallace, *Colleton County Sheriff Office*; Officer Thomas Richberg, *Colleton County Detention Center*; and Office Joe Waring, *Colleton County Detention Center*, *individually and in their official capacities*, | |
| Defendants. | |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Colleton County Detention Center in Walterboro, South Carolina. In the above-captioned case, Plaintiff has brought suit against an agent of the South Carolina Law Enforcement Division (SLED), a Deputy for the Colleton County Sheriff's Office, and three officers of the Colleton County Detention Center.

The Complaint and Plaintiff's exhibits submitted with the Complaint indicate that on May 14, 2011, Plaintiff was arrested, charged with grand larceny, and placed in the Colleton County Detention Center. The grand larceny charge was reduced to petit larceny. Plaintiff's exhibits, however, indicate that, while in the Colleton County Detention Center, Plaintiff–on or about June 16, 2011–solicited his cell-mate to murder a Colleton County Sheriff's Deputy and the Deputy's spouse by setting fire to their house (ECF No. 1-1, at

pages 1-3). As a result, County Magistrate Keisha D. Gadsden on July 14, 2011, issued two arrest warrants (Warrant No. M-104308 [criminal conspiracy, conspiracy to commit murder] and Warrant No. 104309 [criminal conspiracy, conspiracy to commit arson]), which were served upon Plaintiff at the Colleton County Detention Center on July 14, 2011 (ECF No. 1-1, at pages 1-2). Plaintiff has remained in custody since July 14, 2011.

In a separately-filed order, the undersigned is authorizing service of process upon Captain Charles Fraser, Officer Thomas Richberg, and Officer Joe Waring. *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz*

*v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to **partial** summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although *Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar false arrest claims by pretrial detainees), is applicable to the above-captioned case, Plaintiff's claims of false arrest and false imprisonment fail because the two warrants (ECF No. 1-1, at pages 1-3) signed by County Magistrate Keisha D. Gadsen conclusively show probable cause for Plaintiff's arrest.

To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Plaintiff's arrest in the case *sub judice* was made pursuant to warrant. Moreover, Plaintiff has not raised a valid claim of malicious prosecution because the two charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No.

3

2:10-00033-RBH-RSC, 2010 WL 565303, *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature."), which cites *Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb. 7, 2008) (holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution).

Plaintiff's claims against Deputy Wallace fail because Deputy Wallace did not have the authority to release Plaintiff. Although not explicitly referenced by Plaintiff, it appears that Plaintiff is relying on an administrative order issued by The Honorable Jean H. Toal, Chief Justice of the Supreme Court of South Carolina, on October 28, 2010, in the matter entitled *RE: Summary Court Pretrial Detainees*. Chief Justice Toal's order directs summary court judges (county magistrates and municipal court judges), generally, to release a defendant on a personal recognizance bond when that defendant has been "detained pretrial for the maximum amount of time the defendant would receive if convicted for the offense." Chief Justice Toal's order places the responsibility on the chief magistrate or chief municipal court judge for implementation of her directive:

> I FIND THAT direction is needed in cases where a defendant is incarcerated on a summary level offense(s), is unable to make bond, and is detained pretrial for the maximum amount of time that the defendant would be subject to if convicted for the offense(s).
>
> Therefore, pursuant to Article V, Section 4, S.C. Constitution,
>
> IT IS ORDERED that when a defendant charged with a summary level offense(s) is unable to make bond and is detained pretrial for the maximum amount of time the defendant would receive if convicted for the offense(s), the on-call bonding magistrate or municipal court judge shall

immediately convert the defendant's surety bond to a personal recognizance bond and discharge the defendant. Nothing herein affects the defendant's right to contest the charge against him, including trial by jury. When determining the maximum amount of time a defendant would receive if convicted of a summary level offense(s) for purposes of this Order, time off for good behavior, as provided in S.C. Code Ann. §24-13-210, shall not be considered so as to reduce the maximum amount of time.

IT IS FURTHER ORDERED that the chief magistrate in each county and the chief municipal court judge of each municipality shall coordinate with their detention facility employees so as to ensure that the court is notified of all defendants who are nearing or who have reached the maximum amount of time to which they are subject if convicted on a summary level offense(s).

I take this opportunity to remind all summary court judges that when setting bond on a person charged with a noncapital offense triable in magistrate, municipal, or circuit court, S.C. Code Ann. §17-15-10 requires that the defendant be released pending trial on his own recognizance without surety in an amount specified by the court, unless the court determines in its discretion that such a release will not reasonably assure the appearance of the person as required, or unreasonable danger to the community will result. If a summary court judge determines that a personal recognizance bond is not appropriate and requires a surety bond, the judge shall indicate in the designated section of Bond Form II the determinative factors in that decision.

The provisions of this Order are effective immediately and shall remain in effect unless amended or revoked by further Order of the Chief Justice.

(South Carolina Supreme Court Order 2010-10-28-01, *available at* http://www.judicial.state.sc.us/courtOrders/displayOrder.cfm?orderNo=2010-10-28-01, last visited on March 8, 2012). Since only a summary court judge could have ordered Plaintiff's release on the petit larceny matter, Deputy Wallace is not responsible for Plaintiff's confinement between the date of the maximum time servable on the petit larceny matter

and the service of the arrest warrants for conspiracy to commit murder and arson. *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss Michele D. China (SLED Agent) and Deputy Kirt L. Wallace *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff's attention is directed to the Notice on the next page.

March 8, 2012  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).