IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Billy Eugene Wall, Jr., )<br>)<br>             Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Michele D. China, *Special Agent,*<br>*SLED*; Capt Charles Fraser, )<br>*Colleton County Detention Center*; )<br>Deputy Kirt L. Wallace, *Colleton* )<br>*County Sheriff Office*; Officer Thomas )<br>Richberg, *Colleton County Detention* )<br>*Center*; and Officer Joe Waring, )<br>*individually and in their official* )<br>*capacities*, )<br>)<br>             Defendants. )<br>) | Civil Action No.2:12-cv-618-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a pretrial detainee proceeding *pro se*, brought the instant action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Summary Judgment. (Dkt. No. 35). Although Defendants were granted several extensions of time to respond to Plaintiff's motion, Defendants did not timely respond. (Dkt. No. 38; Dkt. No. 49.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

**PROCEDURAL FACTS**

Plaintiff, who is currently housed at the Colleton County Detention Center (the "Detention Center"), alleges claims pursuant to 42 U.S.C. § 1983. The Complaint and Plaintiff's exhibits submitted with the Complaint indicate that on May 14, 2011, Plaintiff was arrested, charged with grand larceny, and placed in the Detention Center. The grand larceny charge was reduced to petit larceny. Plaintiff's exhibits, however, indicate that, while

in the Detention Center, Plaintiff–on or about June 16, 2011–allegedly solicited his cell-mate to murder a Colleton County Sheriff's Deputy and the Deputy's spouse by setting fire to their house (ECF No. 1-1, at pages 1-3). As a result, County Magistrate Keisha D. Gadsden on July 14, 2011, issued two arrest warrants (Warrant No. M-104308 [criminal conspiracy, conspiracy to commit murder] and Warrant No. 104309 [criminal conspiracy, conspiracy to commit arson]), which were served upon Plaintiff at the Detention Center on July 14, 2011 (ECF No. 1-1, at pages 1-2). Plaintiff has been in custody since July 14, 2011. Plaintiff seeks "to be release[d] because [the] evidence . . . was obtained in violation of the law," and asks for damages "for false imprisonment." (ECF No. 1, at page 5.)[1] Plaintiff also brings a conditions of confinement claim and a claim for deliberate indifference to a serious medical need. (See ECF No. 1.) Plaintiff seeks, *inter alia*, compensatory and punitive damages. (Id.)

## DISCUSSION

As noted above, Plaintiff moved for summary judgment on or about August 20, 2012. (Dkt. No. 35.) In Plaintiff's two-page motion, Plaintiff states that he "request[s] a summary judgment [as] there is no disputing that the Defendants failed to timely file their answer" or otherwise defend "against the Plaintiff's Complaint." (Dkt. No. 35 at 1 of 2.) Plaintiff contends that Defendants filed their Answer two days after the deadline. (Id.) Plaintiff states (verbatim),

> By failing to timely file Defendants Answer or otherwise defense to the Plaintiff Complaint is the same as if the Defendants did not file their Answer or otherwise their defense at all.
> Therefore the Plaintiff asks the Court for a summary judgment for the Plaintiff and grant Plaintiff amended relief.

(Dkt. No. 35 at 2 of 2.)

---

[1] In a Report and Recommendation ("R&R") dated March 8, 2012, the undersigned recommended dismissing Defendant Michele D. China (SLED Agent) and Defendant Deputy Kirt L. Wallace without prejudice and without service of process. (Dkt. No. 9.)

2

It does appear that Defendants did not timely file their Answer; the Answer was due on April 28, 2012. (See Dkt. No. 17; Dkt. No. 20; see also FED. R. CIV. P. 15 (a)(3).) Such events do not, however, warrant summary judgment in favor of the Plaintiff. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Plaintiff has not supported his motion as required under Rule 56(c); instead, Plaintiff's motion appears based on Defendants' alleged default.

Defendants filed their Answer two days late–on April 30, 2012. (Dkt. No. 23.) The undersigned interprets Defendants' Answer as a Motion to Set Aside Default.[2] Under Rule 55(a) of the Federal Rules of Civil Procedure, default is appropriate against a party that has "failed to plead or otherwise defend." FED. R. CIV. P. 55(a). However, the general rule is that default judgments are generally disfavored. See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); id. at 421 ("[W]e adhere to our long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgment." (internal quotation marks omitted and citations omitted)). When deciding whether to set aside an entry of default, the court should consider the following:

> whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

---

[2]On or about May 3, 2012, Plaintiff requested that the Clerk of Court enter a default. (Dkt. No. 25.) The Clerk declined to enter a default. (Id.)

3

Id. (quoting Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006)); see also FED. R. CIV. P. 55(c).

The undersigned recommends setting aside the default. While Defendants' Answer was not timely, Defendants set forth numerous defenses in their Answer. (Dkt. No. 23.) Furthermore, it is worth noting that the undersigned recommended dismissal of Defendant China and Defendant Wallace without service of process. (Dkt. No. 9.) Although that R&R remains pending, the undersigned concludes that the first factor–whether the Defendants have a meritorious defense–counsels in favor of setting aside the default.

The second factor–whether the moving party acts with reasonable promptness–also counsels in favor of setting aside the default. Although the Answer was filed late, it was filed only two days late. Turning to the third factor, there is no reason to believe that the Defendants themselves bear any personal responsibility for the late filing of the Answer–Defendants were represented by counsel no later than April 4, 2012. (See Dkt. No. 16.) Any responsibility for the late filing therefore lies solely with the Defendants' attorney, Ms. Scott. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (vacating default where the attorney was at fault, not the defendants). The fourth factor is prejudice to the party. Defendants would be greatly prejudiced if not able to defend the instant lawsuit against them at all; the two-day delay prejudices Plaintiff very little, if at all. See Colleton Preparatory, 616 F.3d at 418 ("In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." (citations omitted)). Finally, there are many, many sanctions less drastic than an entry of default judgment against Defendants. Accordingly, the undersigned recommends setting aside Defendants' default, and denying Plaintiff's Motion for Summary Judgment. (Dkt. No. 35.) See Thompson v. Rios, No. 07-cv-00025-MSK-KLM, 2008 WL 4610007, at *3 (D. Colo. Oct. 10, 2008) ("[A]s Defendants' alleged failure to answer Plaintiff's complaint is the sole

4

justification for Plaintiff's Motion for Summary Judgment, and the Court elects to accept the answer as filed, Plaintiff is not entitled to entry of summary judgment in his favor pursuant to Fed. R. Civ. P. 56.").

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment (Dkt. No. 35) be DENIED.

IT IS SO RECOMMENDED.

                s/Bruce Howe Hendricks
                United States Magistrate Judge

January 7, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).