IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2013 JAN 18 A 9 22

| | |
|---|---|
| Billy Eugene Wall, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Michele D. China, *Special Agent, SLED*; | ) |
| Capt. Charles Fraser, *Colleton County* | ) |
| *Detention Center*; Deputy Kirt L. Wallace, | ) |
| *Colleton County Sheriff Office*; Officer | ) |
| Thomas Richberg, *Colleton County* | ) |
| *Detention Center*; and Officer Joe Waring, | ) |
| *Colleton County Detention Center*; | ) |
| *individually and in their official capacities,* | ) |
| | ) |
| Defendants. | ) |

C/A No. 2:12-618-RMG

**ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate

Judge that Defendants Michele D. China and Deputy Kirt L. Wallace be summarily dismissed as

defendants without prejudice and without issuance of service of process. (Dkt. No. 9). For the

reasons set forth below, the Court agrees with and adopts the Report and Recommendation of the

Magistrate Judge as the order of the Court.

**Background**

Plaintiff Billy Eugene Wall, Jr. ("Plaintiff"), a self-represented pre-trial detainee at the

Colleton County Detention Center, filed this action pursuant to 42 U.S.C. § 1983 alleging

violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2)(d)-(e) DSC, this case was referred to a United States Magistrate Judge for all pretrial

proceedings. Pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915(A), and the Prison Litigation

Reform Act, the Magistrate Judge conducted a careful initial review of this pro se complaint.

After careful review, the Magistrate Judge issued a Report and Recommendation ("R&R")

1

recommending this Court summarily dismiss without prejudice and without service of process Defendants Michele D. China and Deputy Kirt L. Wallace. (Dkt. No. 9). Plaintiff then timely filed objections to the R&R. (Dkt. No. 13).

## Legal Standard

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Additionally, federal courts are charged with liberally construing pro se complaints to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under the mandated liberal construction standard afforded pro se pleadings, if the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable federal claim. *See Wetter v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

### Law/Analysis

Among Plaintiff's claims in his complaint is an allegation that he was falsely imprisoned by the Defendants. The Magistrate Judge recommended dismissing both Defendants China and Wallace because Plaintiff was placed under arrest subject to a warrant, and because only a summary court judge had the authority to release Plaintiff. Plaintiff makes essentially two objections to the Magistrate Judge's analysis. First, he argues that although Wallace had no authority to release him, he had a duty to take Plaintiff to the on-call bonding magistrate once his charge was reduced from grand to petit larceny so that he could receive a personal recognizance bond and be released. Second, Plaintiff argues that although he was held subject to warrants, the warrants were tainted because they were based on evidence obtained while he was illegally imprisoned due to Wallace's failure to present him to the bonding magistrate. (Dkt. No. 13).

The Court finds Plaintiff's objections unavailing. Plaintiff agrees that he cannot maintain a false imprisonment action where the arresting officer relies on a facially valid warrant. (Dkt. No. 13 at 2); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996). Plaintiff's actual allegations are that the warrant was not supported by probable cause, which is analogous to a claim of malicious prosecution. *See Potterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). At this point, malicious prosecution claims are premature. *McCormick v. Wright*, C.A. No. 2:10-33-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) (requiring Plaintiff allege state criminal charges against him have been resolved in his favor). Plaintiff also relies heavily on a South Carolina Supreme Court Order for his argument that Defendant Wallace was required to present him to the on-call bonding magistrate. (Dkt. No. 13 at 1-2). However, careful reading of that order shows it is directed exclusively to the summary court judges and that it is their duty to carry out the order's directives. *See* South Carolina Supreme Court Order 2010-10-28-10,

3

*available at* http://www.judicial.state.sc.us/courtOrders/displayOrder.cfm?orderNo=2010-10-28-01.

### Conclusion

For the reasons stated above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 9). Accordingly, Defendants China and Wallace are summarily dismissed without prejudice and without service of process.

Richard Mark Gergel
United States District Court Judge

January 18, 2013
Charleston, South Carolina