IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Eugene Wall, Jr., ) | |
| ) | C/A No. 2:12-618-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Capt. Charles Fraser, *Colleton County* ) | |
| *Detention Center*; Officer Thomas ) | |
| Richberg, *Colleton County Detention* ) | |
| *Center*; and Officer Joe Waring; *Colleton* ) | |
| *County Detention Center*; *individually* ) | |
| *and in their official capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 57) recommending that the Court deny Plaintiff's motion for summary judgment (Dkt. No. 35). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge as the order of the Court.

**Background**

Plaintiff Billy Eugene Wall, Jr. ("Plaintiff"), a self-represented pre-trial detainee at the Colleton County Detention Center, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d)-(e) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. On April 5, 2012, the Magistrate Judge granted Defendants' motion for extension of time to file their Answer. (Dkt. Nos. 16, 20). The Magistrate Judge directed Defendants to file their Answer by April 28, 2012, but Defendants filed their Answer on April 30, 2012. (Dkt. Nos. 20, 23). On August 23, 2012, Plaintiff filed a motion for summary judgment on the basis of Defendants' untimely Answer. (Dkt. No. 35). On August 31, 2012, Defendants moved for an

extension of time to respond to Plaintiff's motion, which the Magistrate Judge granted. (Dkt. Nos. 37, 38). On October 31, 2012, Defendants again moved for an extension of time to respond to Plaintiff's motion. (Dkt. No. 48). The Magistrate Judge granted the motion and required Defendants to file a response to the motion by January 4, 2013. (Dkt. No. 49). On December 18, 2012, Defendants again requested additional time to respond to Plaintiff's motion. (Dkt. No. 53). The Magistrate Judge denied this request. (Dkt. No. 54). After Defendants failed to timely respond to Plaintiff's motion for summary judgment, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending this Court deny Plaintiff's motion for summary judgment. (Dkt. No. 57). Plaintiff then timely filed objections to the R&R. (Dkt. No. 66).

## Legal Standard

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

## Law/Analysis

The Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. Plaintiff's sole basis for his motion for summary judgment is that Defendants filed their Answer two days after the deadline

set by the Magistrate Judge.[1] (Dkt. No. 35 at 1). The Magistrate Judge, however, properly treated Defendants' Answer as a motion to set aside default. (Dkt. No. 57 at 3). The Court finds the Magistrate Judge properly applied the four factors considered when ruling on a motion to set aside an entry of default and correctly determined default should set aside. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The Court therefore agrees with the Magistrate Judge that summary judgment in favor of the Plaintiff should be denied.

The Court finds Plaintiff's objections unpersuasive. Plaintiff repeats his argument that because Defendants filed their Answer two days after their deadline that they gave up all rights to defend the case. However, the Court may, in its discretion, decide to set aside an entry of default. *See id.* Plaintiff next asserts that because Defendants failed to timely respond to his motion for summary judgment that he is entitled to judgment in his favor. This, too, is a misstatement of law. *See 4 Amigos, LLC v. Carolina Bueno, LLC*, C.A. No. 0:10-112-CMC-JRM, 2011 WL 704542, at *1 (D.S.C. Jan. 26, 2011) (citing *Custer v. Panamerican Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("A party's failure to respond does not automatically entitle the moving party to summary judgment")). Finally, Plaintiff argues that the defenses raised in Defendants' Answer lack merit because they were not "specific" and because they "conflicted" with one another. The Court, however, finds Defendants' Answer was properly pleaded because it conforms to Rule 8 of the Federal Rules of Civil of Procedure. Rule 8(b) provides that a party must state in "short and plain terms" its defenses. Fed. R. Civ. P. 8(b). Rule 8(d) provides that

---

[1] The Magistrate Judge ordered Defendants' Answer to be filed by Saturday, April 28, 2012. Defendants filed their Answer on the following Monday, April 30, 2012. However, Rule 6(a) does not apply unless it is necessary to compute a time. Fed. R. Civ. P. 6(a). Here, the Magistrate Judge provided Defendants a date certain; no computation was necessary and Defendants' Answer was therefore untimely. *See Meeks v. Powers*, C/A No. 8:09-cv-3279-MBS, 2010 WL 4286319, at *2 (D.S.C. Oct. 18, 2010); Fed. R. Civ. P. 6(a) advisory committee's note (2009) ("The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set.")

"a party may state as many separate . . . defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d). In conclusion, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court.

## Conclusion

For the reasons stated above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 57). Accordingly, Plaintiff's motion for summary judgment (Dkt. No. 35) is DENIED.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

January 23, 2013
Charleston, South Carolina